UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cr-20657-MOORE/BECERRA

UNITED STATES OF AMERICA,

vs.

RUBEN DARIO JARAMILLO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE was before the Court following an Order of Reference to conduct a proceeding for acceptance of a guilty plea by Defendant in this case. Based upon the change of plea hearing conducted on November 14, 2019, this Court makes the following findings, and recommends that the guilty plea be accepted.

1. This Court advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

2. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

3. Defendant pled guilty to Count 1 of the Indictment which charged Defendant with Conspiracy to Manufacture and Distribute a Controlled Substance, in this case Alprazolam, in violation of Title 21, United States Code Section, Section 846. The Court advised Defendant that as to that charge there is a statutory maximum sentence of: (1) five years imprisonment; (2) followed by one year of supervised release; (3) a fine of up to $500,000; and (4) a mandatory special assessment of $100.00. Defendant was also advised of the possibility of forfeiture. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

4. To set forth the factual basis for the entry of the plea, Defendant and the Government submitted a written Factual Proffer. The Factual Proffer, also read by the Government at the hearing, established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the Factual Proffer was accurate.

5. There is a written plea agreement which has been entered into by the parties in this case. This Court reviewed that plea agreement on the record and Defendant acknowledged that he understood the terms of the plea agreement and that he had signed the plea agreement.

6. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

7. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Count I of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of that offense.

8. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing date is January 30, 2019, at 2:00 p.m.

9. Defendant was advised that he should be prepared to self-surrender at the conclusion of the Sentencing Hearing.

10. The parties were also instructed to immediately notify the Chambers of Chief Judge K. Michael Moore if the sentencing in this matter is expected to exceed one-half hour.

Therefore, it is hereby:

RECOMMENDED that Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge.

Any request for an extension of this deadline must be made within seven calendar days from the date of this Report and Recommendation. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 15th day of November, 2019.

JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE

3